UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | Criminal No. 3:03CR160(AHN) |
| THEODORE W. WELLS, JR. | : November 29, 2004 |

GOVERNMENT'S MEMORANDUM
IN AID OF SENTENCING

I.   **Preliminary Statement**

Theodore W. Wells, Jr. is a repeat sexual predator who targets vulnerable young girls and inveigles them to submit to him and to perform sexual acts on him.  Mr. Wells is before the Court for sentencing on his plea of guilty to kidnaping.

Defendant Wells was arrested on May 13, 2003 upon an arrest warrant and criminal complaint authorized by United States Magistrate Judge Holly B. Fitzsimmons.  On May 29, 2003 a grand jury sitting in New Haven, Connecticut returned an indictment charging the defendant in two counts with violation of Title 18 U.S.C. § 2423(b) (interstate travel to engage in illegal sexual activity with a minor) and Title 18 U.S.C. § 2423(a) (transporting a minor in interstate commerce).  On October 30, 2002 a superseding indictment was returned by the same grand jury charging the same offenses and adding one count of violation of Title 18 U.S.C. § 2422(b) (enticement of a minor).

Following two separate competency exams which found him competent to stand trial, defendant and his counsel engaged in plea negotiations with the Government.  It was determined that, owing to defendant's prior conviction in Florida for a sex offense (*see* PSR ¶ 39), defendant was subject to the enhanced penalties found at U.S.S.G. § 4B1.5 (Repeat and Dangerous Sex

Offender Against Minors). Defendant and the Government ultimately agreed to resolve the charges pending against defendant by allowing him to plead to a one count substitute information charging him with kidnaping. The plea agreement between the parties specifically reserved the right for both the defendant and the Government to argue for a departure from the resulting sentencing guideline range (*See* Plea Agreement at 4). The plea agreement further provides:

> The defendant acknowledges that this plea, if accepted by the Court, will result in a significantly lower guideline range than if he were convicted of the offenses identified in the indictment, insofar as he will not be adjudicated a repeat sex offender and therefore subject to the guidelines located at USSG §4B1.5. This guideline, if applied to the defendant would result in a Criminal History Category V, and an adjusted offense level of 29, with a commensurate guideline range of 168-210 months.

*See* Plea Agreement at 4.

On August 25, 2004 defendant entered his plea of guilty to the one count information charging him with violation of Title 18 U.S.C. § 1201(a)(1) pursuant to a written plea agreement with the Government. A presentence investigation report has been prepared by the Probation Office which correctly calculates defendant's sentencing guideline range to be 70-87 months to be followed by a 3-5 year term of supervised release. *See* PSR ¶¶ 78, 80. The presentence report also invites the Court to consider an upward departure from the stated guideline range pursuant to U.S.S.G. § 5K2.21 to reflect that actual seriousness of the offense. *See* PSR ¶ 87.

By memorandum dated November 24, 2004 defendant objects to the Court's consideration of an upward departure pursuant to U.S.S.G. § 5K2.21 and urges the Court to consider a downward departure based on alleged childhood abuse and resulting mental and emotional issues. Both issues raised by defendant are addressed below.

2

II.     Discussion

   **A. The Court Has Discretion to Depart Upward**

   Defendant argues that it would be inappropriate for the Court to depart upward because, he alleges, the adjusted offense level already takes into account the offenses alleged in the dismissed counts of the indictment. *See* Def.'s Mem. at 4-5. As demonstrated below, defendant's argument should be rejected.

   Amendment 604 to the sentencing guidelines, effective November 1, 2000, permits sentencing courts to consider as a basis for an upward departure aggravating conduct that is dismissed or not charged in connection with a plea agreement. See U.S.S.G. App. C, para. 604 (2001). U.S.S.G. § 5K2.21 permits a district court to increase the sentence above the guideline range to reflect the actual seriousness of the offense based on conduct (1) . . . underlying a potential charge not pursued in the case as part of a plea agreement . . . and (2) that did not enter into the determination of the applicable guideline range." *Id.*

   Defendant argues that the Court should not use this invited departure basis because defendant's kidnaping guideline was increased pursuant to U.S.S.G. § 2A4.1(b)(7) and, therefore, the conduct in the dismissed counts of the indictment did in fact enter into the determination of the applicable guideline range. What defendant does not address, however, is the fact expressly recognized as part of the plea agreement in this case and that is that by pleading guilty to the kidnaping offense he will not be adjudicated a repeat sex offender and therefore avoids being subject to U.S.S.G. § 4B1.5. This guideline, if applied to the defendant, would significantly increase both his guideline offense level and his criminal history category subjecting him to a guideline range of 168-210 months' imprisonment rather than 70- 87 months.

Thus, as recognized in the plea agreement, the fact that defendant is a repeat sex offender currently does not enter into a determination of the applicable guideline range.[1]

### B. Alleged Childhood Abuse

Defendant claims that abuse he suffered as a child contributed to his commission of the instant offense and therefore warrants a downward departure from the applicable guideline range. *See* Def.'s Mem. at 5-6. This claim should be rejected.

It is axiomatic that a defendant bears the burden of establishing the evidentiary foundation to support a downward departure from the sentencing guidelines. As the Probation Office correctly noted, Mr. Wells' report of his difficult early childhood has not been corroborated. *See* PSR at ¶ 89. Also instructive in this regard, is Mr. Wells apparent "flip flop" on an earlier claim that he was abused by his step father. He now states that he was not abused by his step father. *See* PSR ¶ 56. Simply put, there is an inadequate evidentiary basis to support a downward departure on the proffered basis.

Even if the evidentiary foundation was more substantial, Congress has severely limited the availability of downward departures to defendants convicted of sex offenses and kidnaping

---

[1] Relatedly, U.S.S.G. § 4A1.3 encourages a sentencing court to depart upward "if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that defendant will commit other crimes." *Id.* The criminal history category may also be found inadequate based on prior adult criminal conduct that does not result in a criminal conviction. *See United States v. Livoti*, 196 F.3d 322, 328 (2d Cir. 1999). Here, the criminal conduct described in paragraphs 39-47 of the PSR demonstrate the inadequacy of the resulting criminal history category III. That category simply does not reflect the seriousness of this defendant's criminal past and the likelihood that he will reoffend. That conclusion is buttressed by the fact that, pursuant to U.S.S.G. § 4B1.5, if that provision were applied here, defendant would automatically qualify for criminal history category V.

involving a minor victim to a limited universe of bases not present here.  *See* 18 U.S.C. § 3553(b).

Moreover, as this Court is aware, U.S.S.G. § 5H1.3 provides that a defendant's mental or emotional condition is not ordinarily relevant in determining whether to depart from the guidelines absent extraordinary circumstances.  The sole case relied upon by defendant in support of the proffered ground for departure well-illustrates just how extraordinary childhood abuse must be to support a downward departure.  In *United States v. Rivera*, 192 F.3d 81 (2d Cir. 1999) the Court held that in the case before it where the defendant was born of familial rape, where the defendant's stepfather was killed when he was eight, where the defendant spent time in foster homes and was frequently beaten, had his hands burned, was made to kneel on rice in a corner and was beaten with extension cords, did not rise to the extraordinary level to support a downward departure.  *Id.* 192 F.3d at 86.  Similarly, the facts here, even if confirmed or corroborated, do not support a downward departure on the proffered basis.

Finally, Government's counsel would be remiss if it did not point out the irony of a defendant seeking mercy from the Court based on childhood abuse when the crime of conviction involves visiting just such abuse on a particularly vulnerable child.

**III.     Conclusion**

For the reasons discussed herein, the Court has discretion to depart upward from the applicable sentencing guideline range but should not depart below that range.

                                            Respectfully submitted,

                                            KEVIN J. O'CONNOR
                                            UNITED STATES ATTORNEY

By:    CHRISTOPHER W. SCHMEISSER
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR No. CT14806
        915 LAFAYETTE BOULEVARD
        BRIDGEPORT, CT 06604
        TEL.  (203) 696-3000

For:   JAMES I. GLASSER
        CHIEF, CRIMINAL DIVISION
        FEDERAL BAR No. CT0772
        157 CHURCH STREET
        NEW HAVEN, CT 06510
        TEL.  (203) 821-3700
        E-mail: james.glasser3@usdoj.gov

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was forwarded on this date via facsimile and regular mail to: Thomas P. Belsky, Assistant Federal Public Defender, 2 Whitney Avenue, Suite 300, New Haven, CT 06510 and Sandra Hunt, United States Probation Officer, United States Probation Office, 157 Church Street, New Haven, CT on this the 29th day of November 2004.

                                            CHRISTOPHER W. SCHMEISSER
                                            ASSISTANT UNITED STATES ATTORNEY