UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:03CR160(AHN) |
| | : | |
| v. | : | |
| | : | August 17, 2005 |
| THEODORE W. WELLS, JR. | : | |

Government's Reply Memorandum
On *Crosby* Remand

I. Preliminary Statement

This matter is before the Court on *Crosby* remand. Pursuant to the Court's Order, the Government submitted a memorandum in aid of sentencing on *Crosby* remand dated August 3, 2005. The defendant submitted a memorandum in aid of sentencing on August 4, 2005. This Reply Memorandum is submitted to address defendant's claim that imposition of the same sentence on remand would offend the *Ex Post Facto* clause of the Constitution. As demonstrated below, defendant's claim is without merit and has been rejected by every Court that has had occasion to consider the issue.

II. Discussion

The defendant contends that on remand the district court should be limited to resentencing him to no more than 87 months, – the high end of the range calculated by the Probation Office under the sentencing

1

guidelines, -- due to *ex post facto* concerns.  Def.'s Mem. at 8.  The problem with this argument, however, is that defendant asks this Court to apply only part of *Booker* retroactively to his case.  At bottom, he is asking this Court to apply the constitutional holding in Justice Stevens' opinion in *Booker* to invalidate his sentence to the extent the Guidelines were applied as a mandatory matter.  He does not want this Court to apply the remedial holding in Justice Breyer's opinion, such that the district court would now be free to regard the Guidelines as advisory, because that would permit imposition of a sentence greater than what could have been imposed under a mandatory guidelines regime.[1]

The very premise of the defendant's *ex post facto* argument is flawed, however, because the Ex Post Facto Clause "does not apply of its own force to changes worked by judicial decisions," *Marks v. United States*, 430 U.S. 188, 191 (1977), such as *Booker*, which converted federal sentencing from a mandatory to an advisory guideline system through constitutional and statutory interpretation.  While it is true that the Due Process Clause imposes some limits on *ex post facto* judicial decisionmaking, such limits are premised on the principle of fair warning

---

[1] Importantly, the Government is asking the Court to impose only the very same sentence of 120 months that the Court imposed under the Guideline regime; not a more severe sentence.

and therefore do not cabin judicial action as narrowly as the *Ex Post Facto* Clause limits legislative action. According to the Supreme Court, a judicial decision in the criminal arena "violates the principle of fair warning, and hence must not be given retroactive effect, only where it is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" *Rogers v. Tennessee*, 532 U.S. 451, 456-57 (2001) (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)).

The Court of Appeals for the First Circuit has recently considered these due process concepts of fair warning, and rejected an *ex post facto* challenge to application of *Booker*. *United States v. Lata*, 2005 WL 1491483, *2 (1st Cir. June 24, 2005). According to that court, what is relevant in the sentencing context (as opposed to the context of the criminalization of primary conduct) is whether the defendant had fair warning of the sentence to which he would be exposed, in light of the fact that the relevant statute criminalizing his conduct stated clearly what the maximum term of imprisonment could be. As the *Lata* court explained, it is extraordinarily unlikely that a defendant relied on the mandatory, as opposed to the advisory, nature of the guidelines when he decided to commit his crime. *Id.* at *2. A guidelines calculation is

necessarily based on a host of factors, such as how the offense will occur, how the government will charge the offense, and other events occurring after the crime (such as subsequent criminal history) that are often unpredictable at the moment the defendant commits the crime, and hence are unlikely to induce reliance. *Id.* at *4.

As in *Lata*, the defendant here "could not reasonably be surprised by the sentence he eventually received," given the fact that he received a sentence within the maximum established by statute. *Id.* (leaving open the hypothetical case where defendant received a sentence "higher than any that might realistically have been imagined at the time of the crime").

In the recent case of *United States v. Avendano-Aleman,* No. 04-11379 2005WL 1939673 (5th Cir. Aug. 12, 2005) the court rejected defendant's claim, similar to that raised here, that resentencing would violate the *ex post facto* and due process clauses of the Constitution by exposing him to a harsher sentence under the advisory guidelines system than was available under the mandatory system. The Court found the defenandant's claim meritless because:

> "(1) at all pertinent times the statutory maximum prison term was twenty years, (2) before Avendano plead guilty and before his guideline punishment range was determined, the court explicitly notified him that he faced a statutory maximum prison term of twenty years, which is the same potential term he will face on remand, and (3) the court admonished him that his guilty plea

4

would stand even if the ultimate sentence imposed was harsher than he expected."

*Id.*

In *United States v. Dupas*, No. 04-50055 (9th Cir. Aug. 3, 2005) the Ninth Circuit also rejected the defendant's argument "that the retroactivity principles of the Fifth Amendment's Due Process Clause preclude the retroactive application of the *remedial* holdings of *United States v. Booker* . . . ." Slip Op. at 9063; *see also id.* at 9064-69; *United States v. Scroggins*, 411 F.3d 572 (5th Cir. 2005) (holding that Due Process Clause did not prohibit district court, in the event of resentencing after *Booker*, from imposing sentence greater than that authorized by Guidelines as calculated solely by facts established by jury verdict); *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005) (rejecting post-*Booker ex post facto* argument, because at the time of defendant's criminal conduct, settled law viewed the statute, not the Guidelines, as establishing the maximum sentence permitted by law); *see generally Crosby*, 397 F.3d at 103 n.17 (reserving decision on "whether the *Ex Post Facto* Clause would prohibit a court from imposing a more severe sentence than a defendant would have received had the Guidelines remained mandatory").

Indeed, at the time the defendant committed his crimes, pleaded

5

guilty, and was sentenced, this Circuit (like our sister circuits) had consistently held that the maximum sentence to which the defendant could be sentenced was the maximum established by *statute*, not by the Guidelines based solely on facts found by a jury. *See, e.g., United States v. Luciano,* 311 F.3d 146, 153 (2d Cir. 2002), *cert. denied*, 124 S. Ct. 1185 (2004). Given the state of the law then, the defendant clearly had "fair warning" that he was subject to life imprisonment. *See* 18 U.S.C. §1201(c). Moreover, as in *Avendano,* defendant faced the same statutory maximum sentence at all pertinent times, was advised of the maximum penalties he faced when he pleaded guilty, and the court admonished Mr. Wells that his guilty plea would stand even if the ultimate sentence imposed was harsher than he expected.

**III.** <u>Concusion</u>

    For all the foregoing reasons, the *Ex Post Facto* Clause does not prohibit the imposition of the same sentence on *Crosby* remand.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

s/
JAMES I. GLASSER
COUNSEL TO THE U.S. ATTORNEY
FEDERAL BAR No. CT0772
157 CHURCH STREET
NEW HAVEN, CT 06510
(203) 821-3700


CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was forwarded on this date via facsimile and regular mail to: Thomas P. Belsky, Assistant Federal Public Defender, 2 Whitney Avenue, Suite 300, New Haven, CT 06510 and Sandra Hunt, United States Probation Officer, United States Probation Office, 157 Church Street, New Haven, CT on this the 17th day of August 2005.

s/
JAMES I. GLASSER
COUNSEL TO THE US ATTORNEY