CTDC-BRCT
03-cr-160
NEVAS

# MANDATE

FILED

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

2006 SEP 27 A 11: 21

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand and six.

PRESENT:

> HON. CHESTER J. STRAUB,
> HON. ROSEMARY S. POOLER,
> HON. ROBERT D. SACK,
> > *Circuit Judges.*

UNITED STATES OF AMERICA,

> *Appellee,*

v.

THEODORE W. WELLS Jr.,

> *Defendant-Appellant.*

**SUMMARY ORDER**
No. 05-5810-cr

FILED
AUG 30 2006
Roseann B. MacKechnie, CLERK
UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

---

THOMAS P. BELSKY, Assistant Federal Defender (Thomas G. Dennis, Federal Defender), New Haven, CT, *for Defendant-Appellant.*

JAMES I. GLASSER, Counsel to the United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, *on the brief,* William J. Nardini, Assistant United States Attorney, *of counsel*), New Haven, CT, *for Appellee.*

---

Appeal from the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY

ISSUED AS MANDATE: 9/20/06

ORDERED, ADJUDGED AND DECREED that the decision of the District Court is

AFFIRMED.

---

Defendant-Appellant Theodore W. Wells, Jr., appeals from the October 6, 2005 judgment

of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*),

entered on a limited remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005),

adhering to its original sentence of 120 months' imprisonment imposed upon a plea of guilty to

one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). We assume the parties'

familiarity with the facts of this case, its procedural posture, and the decision below.

The District Court departed upward from the stipulated Guidelines range of 70-87

months' imprisonment to impose the aforementioned prison term. The Court based its departure

on two independent bases: sections 4A1.3 and 5K2.21. Wells urges that the District Court erred

in departing upward pursuant to either section, and that as a result, his sentence is procedurally

unreasonable. We review the Court's exercise of its departure authority only to determine

whether it exceeded its discretion, which occurs when the sentence rests on a legal error or

clearly erroneous finding of fact, or lies outside the range of permissible decisions. *See United

States v. Brady*, 417 F.3d 326, 332 (2d Cir. 2005).

Section 4A1.3 allows for departures when the "criminal history category significantly

under-represents the seriousness of the defendant's criminal history or the likelihood that the

defendant will commit other crimes." *See* U.S.S.G. § 4A1.3. Relevant information includes that

relating to "[p]rior similar adult criminal conduct not resulting in a criminal conviction." *See*

U.S.S.G. § 4A1.3(a)(2)(E). The inadequacy of a defendant's criminal history category is an

encouraged basis for upward departure. *See United States v. Gayle*, 389 F.3d 406, 409 (2d Cir. 2004); *United States v. Simmons*, 343 F.3d 72, 78 (2d Cir. 2003).

Two prior similar incidents support the District Court's section 4A1.3 departure. The first involved an Illinois minor whom Wells convinced to run away and join him in Florida in 1999. The second concerned a minor from Guam, whom Wells attempted to lure to his Florida home. Although Wells was prosecuted for a second, subsequent incident with the Illinois minor, neither of the two above incidents resulted in charges or a conviction, and the District Court properly considered them pursuant to section 4A1.3. Further, taken as a whole, Wells' "entire record" illustrates at least four instances of his "dogged criminal persistence" to entice, entrap, and sexually abuse minors, only one of which was reflected in his criminal history category. *See Gayle*, 389 F.3d at 410. The District Court also properly considered the leniency of Wells' prior punishment in assessing his potential to recidivate notwithstanding the mercy of a prior "light prison sentence[]." *Id.* Accordingly, the District Court did not clearly err in departing upward pursuant to section 4A1.3.

Because we find that the District Court did not exceed its discretion in departing upward pursuant to section 4A1.3, we need not address Wells' arguments as to whether the departure also was proper pursuant to section 5K2.21. Further, because we find no error in the District Court's Guidelines sentence, we need not consider Wells' claim that *ex post facto* principles barred the Court from imposing an identical non-Guidelines sentence, a claim that appears foreclosed in any event. *See, e.g., United States v. Holguin*, 436 F.3d 111, 119-20 (2d Cir. 2006); *United States v. Fairclough*, 439 F.3d 76, 78-79 (2d Cir.) (per curiam), *cert. denied*, 126 S. Ct. 2915 (2006).

-3-

For the reasons set forth above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
DEPUTY CLERK

-4-