```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA        :

     v.                         :    CRIMINAL NO. 3:03cr160(AHN)

THEODORE WELLS                  :
```

### RULING ON MOTION FOR APPOINTMENT OF COUNSEL

The defendant, Theodore Wells ("Wells"), moves for the appointment of counsel in connection with his anticipated § 2255 petition. For the following reasons, the motion [doc. #90] is DENIED.

Pursuant to 18 U.S.C. § 3006A, appointment of counsel for the purpose of pursuing § 2255 relief is appropriate if the petitioner is financially eligible and if the interests of justice so require. In determining whether the interests of justice require the appointment of counsel, the court must consider the petitioner's likelihood of success on the merits, the complexity of the legal issues, and the petitioner's ability to investigate and present his case. Toron v. United States, 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). Only if the court determines as a threshold matter that the petition seems likely to be of substance may the court consider the remaining factors. Hodge, 802 F.2d at 61; Bishop v. United States, No. 00 crim 312(CSH), 2004 WL 2516715, at *3-4 (S.D.N.Y. Nov. 8, 2004).

By way of background, Wells was charged in a three-count

indictment alleging interstate travel to engage in illegal sexual activity with a minor, 18 U.S.C. § 2423(b), transporting a minor in interstate commerce, 18 U.S.C. § 2423(a), and enticement of a minor, 18 U.S.C. § 2422(b).  These charges resulted from Wells's involvement with a young girl he met in an internet chat room and later met in Connecticut and transported to his home in New Jersey.  He admitted that while she was with him some sort of "sexual act or sexual contact" occurred.  This transpired while Wells was on supervised release in connection with his previous conviction of interstate travel to engage in illicit sexual conduct with a minor.

During his plea negotiations with the government, it was determined that he was subject to the enhanced penalty provisions of 18 U.S.C. § 4B1.5 (Repeat and Dangerous Sex Offender Against Minors), which would result in a guidelines sentencing range of 168 to 210 months imprisonment.  Wells's counsel, however, successfully negotiated an agreement with the government that allowed Wells to plead guilty to a one-count substitute information charging him with kidnaping, which subjected him to a significantly lower guideline range of 70 to 87 months.  His plea agreement reserved the parties' rights to argue for a departure from that guidelines range and noted that his plea to the substitute information allowed him to avoid adjudication as a repeat sex offender which would have subjected him to that higher

guidelines range. Wells entered a plea of guilty to that information.

In the presentence report ("PSR") his sentencing guideline range was calculated to be 70-87 months. The PSR, however, recommended the court consider an upward departure pursuant to § 5K2.21 to reflect the actual seriousness of his offense and his dismissed and uncharged conduct.

At sentencing, the government moved for an upward departure on the grounds that the guidelines range did not take into account the fact that Wells was a repeat sex offender.

The court upwardly departed from the guidelines range and sentenced Wells to 120 months' imprisonment and 5 years supervised release based on a determination that Wells was a repeat sex offender (§ 4A1.3) and had engaged in uncharged sexual misconduct (§ 5K2.21).[1] The court also based the upward departure on its finding that he received extreme leniency in connection with his prior conviction.[2]

Wells appealed his sentence. The Second Circuit rejected

---

[1] The first of those two prior uncharged incidents involved an Illinois minor whom Wells convinced to run away and join him in Florida in 1999. The second involved a minor from Guam whom Wells attempted to lure to his Florida home.

[2] Wells was convicted for a second, subsequent incident with the same Illinois minor and was sentenced to a year and a day imprisonment. He served approximately 10 months of that sentence and, after serving only about 2 years of his 3-year term of supervised release, his supervised release was terminated despite a judicial determination that he violated the terms of release.

his claims of error and held that the two prior sexual incidents on which the court based the § 4A1.3 departure was proper and that the court "also properly considered the leniency of Wells's prior punishment in assessing his potential to recidivate notwithstanding the mercy of a prior 'light prison sentence.'" United States v. Wells, No. 05-5810-cr, 2006 WL 2522007 (2d Cir. Aug. 30, 2006).  Because the court of appeals found that the court did not exceed its discretion in departing upward pursuant to § 4A1.3, it did not address Wells's claim that the court erred in its upward departure pursuant to § 5K2.21.

     Wells now intends to file a § 2255 petition.  According to Wells's motion for appointment of counsel, the substance of the claims he intends to raise in his petition are that his trial counsel provided deficient representation by convincing him to plead guilty even though he did not commit the crimes charged and that counsel made a variety of errors in connection with his sentencing.  More specifically, among the litany of the alleged deficiencies in counsel's performance are his failure (1) to keep Wells informed of developments in his case, (2) to obtain from Wells all the "legally relevant information he had," (3) to secure Wells's pre-trial release, (3) to object to the length of time the government took to complete Wells's mental competency examination, (4) to present facts to counter the government's arguments for an upward departure and to support a downward

departure, and (5) to assert Wells's speedy trial rights.  None of these asserted claims, assuming they are supported by the facts in the record,³ appear likely to have any legal substance.

In order to prevail on an ineffective assistance claim in a § 2255 petition, a convicted defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) he

---

³Indeed, it appears that many of Wells's claims have no factual support in the record.  For instance, there are numerous waivers, signed by him, of his right to a speedy trial [docs. ## 9, 14, 17, 32, 37, 45, and 51].  Also, the court granted two separate motions filed by Wells's counsel for psychiatric/mental competency examinations.  As the court noted in its ruling regarding Wells's competency to stand trial, Wells did not cooperate in the initial evaluation, apparently because he was angry at being sent to Los Angeles, and because of the length of time it was taking to complete the evaluation.  Because he would not cooperate, the doctors in Los Angeles were unable to conduct the mental evaluation and his stay there was longer than it otherwise would have been.  After he was returned to Connecticut a second mental examination was ordered by the court on counsel's motion and was conducted in Connecticut.  Thus, Wells cannot be heard to complain about the amount of time it took to complete his mental evaluation.  Further, as to Wells's claim that counsel failed to obtain information from him, the record contains many references to Wells's unwillingness to communicate with his counsel.  Nonetheless, counsel was able to obtain the relevant and necessary information from other sources.  Indeed, as the transcript of his sentencing hearing and the memorandum in aid of sentencing filed by his counsel demonstrate, counsel had sufficient information to vigorously argue that there were mitigating circumstances that warranted a downward departure including (1) extreme childhood physical, mental, and sexual abuse that caused mental and emotional conditions that contributed to his commission of the offense, (2) maternal neglect and humiliation and paternal abandonment, (3) his divorce, (4) his three suicide attempts and his mental health issues.  The record also shows that counsel vigorously opposed the government's request for an upward departure.

was prejudiced by counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 686-88 (1984). To demonstrate prejudice, the defendant must show that but for counsel's errors there is sufficient probability that the outcome of the proceeding would have been different. <u>Id.</u> at 694. When applying the <u>Strickland</u> test, "judicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689. "The court's central concern is not with 'grad[ing] counsel's performance,' but with discerning 'whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.'" <u>United States v. Aguirre</u>, 912 F.2d 555, 561 (2d Cir. 1990) (quoting <u>Strickland</u>, 466 U.S. at 696).

To satisfy the second prong of the <u>Strickland</u> test where a defendant challenges a guilty plea on the basis of alleged ineffective assistance of counsel, the defendant must show that, but for counsel's error, there is a reasonable probability that he would not have pleaded guilty. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>Tate v. Wood</u>, 963 F.2d 20, 23-24 (2d Cir. 1992). Indeed, where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advise was within the range of competence demanded of attorneys in criminal

cases." Hill, 474 U.S. at 58.

Based on this standard and the assertions in Wells's moving papers, it is apparent that Wells's claims are not likely to be successful. First, the record does not support a conclusion that defense counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Defense counsel is an experienced and capable defense attorney. Not only does it appear that he was able to negotiate a favorable plea agreement for Wells, it also appears that he argued vigorously regarding the mitigating circumstances in support of downward departure, both in court and in his sentencing memorandum. Indeed, Wells even acknowledged that he was satisfied with counsel's representation of him.

But even if Wells could establish that his counsel provided defective representation, it does not appear that he could prevail on the prejudice element. Again, it appears that he will not be able to demonstrate that he was prejudiced by counsel's purportedly deficient performance at sentencing, and it also appears that he will not be able to demonstrate that, but for counsel's advice, he would not have pleaded guilty. Wells's newly asserted claim that he only entered a guilty plea on counsel's advice is not a ground for ineffective assistance of counsel unless he can show that his plea was "the product of actual or threatened physical harm, mental coercion overbearing

the defendant's will, or the defendant's inability to weigh his options rationally." Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988). Wells does not make such an assertion in his moving papers and it does not appear that he could make such an argument because he acknowledged on numerous occasions that no one had induced or threatened him to plead guilty. Moreover, Wells's claim of innocence is not well taken in light of the fact that he admitted in open court to the facts supporting the charge to which he pleaded guilty. As the Second Circuit has held, a "criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (internal citations and quotation marks omitted). Thus, it does not appear likely that Wells would be successful in establishing either the first or the second prong of the Strickland test for ineffective assistance.

## CONCLUSION

For the foregoing reasons, the court finds that Wells is unlikely to succeed on the merits of his § 2255 petition and accordingly DENIES his motion for appointment of counsel [doc. # 90].

SO ORDERED this 9th day of August, 2007 at Bridgeport, Connecticut.

/s/_____
Alan H. Nevas
United States District Judge